INGRAM, Presiding Judge.
Dr. Thelma S. Givens appeals from a summary judgment dismissing her claims for money damages and equitable relief against the Alabama Board of Examiners in Psychology (board) and its individual members. The board appeals from the trial court’s reversal of an administrative decision in which the board determined that Givens could not call herself or advertise herself as a “clinical psychologist.”
In early 1987, the board received two inquiries concerning Givens’s credentials to hold herself out as a “clinical psychologist.” The first inquiry was that of a fellow psychologist. The second inquiry was from a hospital where Givens was applying for an appointment to the medical staff. Following an investigation into her credentials — an investigation primarily based on information provided the board by Givens — the board determined that her education and training did not entitle her to refer to herself as a “clinical psychologist.” The board informed Givens of its decision by way of letter. The chairman of the credentials committee of the hospital likewise received a response to his inquiry, in which the board informed him that, while Givens was qualified to provide a range of clinical services, her credentials did not entitle her to call herself a “clinical psychologist.”
Following the receipt of this correspondence, Givens filed a complaint in the Circuit Court of Mobile County, seeking a declaratory judgment that the board lacked the authority to deny Givens’s competency as a “clinical psychologist” and that the board had failed to follow its own rules and regulations in making such a determination.
*1275 Subsequent to filing the complaint in the circuit court, Givens requested a formal hearing with the board. A hearing was held in which the board considered voluminous documents and exhibits pertaining to Givens’s credentials. Following the hearing, the board entered an order, stating again that Givens could not advertise or call herself a “clinical psychologist” because she did not meet the criteria established by the rules and regulations of the board.
Following the requested hearing, Givens amended her complaint in the circuit court to include claims against the individual board members for money damages, based on theories of defamation, business interference, and violation of her constitutional rights of due process and free speech under 42 U.S.C. § 1983. Givens subsequently filed a second amended complaint) seeking a review of the board’s administrative actions.
The trial court severed the administrative appeal. The administrative appeal was heard solely upon the record of the administrative proceedings, the briefs of the parties, and oral argument. The board then filed a motion for summary judgment on Givens’s claims for money damages and equitable relief.
The trial court granted the board’s motion for summary judgment, finding that the individual members of the board were protected by certain immunity doctrines. Simultaneously, the trial court ruled in Givens’s favor on her administrative appeal, expressly finding that the board lacked “the authority to make specialty or competency area determinations, pursuant to the legislation establishing and empowering the Board.”
Initially, we will address the board’s appeal and determine whether the trial court erred in finding that the board lacked statutory authority to regulate its members’ specialty or competency areas.
The Board of Examiners in Psychology was created “to regulate the practice of psychologists in Alabama” and “to provide for the ... regulation of psychologists.” Acts of Alabama 1963, Act No. 535, Regular Session, September 16, 1963, page 1147. Section 34-26-22, Ala. Code 1975, provides that the board “shall be the sole agency in this state empowered to certify concerning competence in the practice of psychology and the sole board empowered to recommend licensure for the practice of psychology.” Section 34-26-22 mandates the board “to certify as competent ... all persons who shall present satisfactory evidence of attainments and qualifications under provisions of this chapter and the rules and regulations of the Board.”
We do not cite these provisions for the proposition that they alone give the board the power to make and enforce regulations in the area in question. We find instead that this general authority, coupled with the following specific provisions of the board’s enabling statute, implicitly authorizes the board to regulate psychologists’ conduct in the manner in which it did in this instance.
Section 34-26-3 specifically requires the board to adopt the Code of Ethics of the American Psychological Association (APA) to “govern appropriate practice or behavior.” In conformance with this mandate, the board adopted and incorporated into its rules and regulations the Code of Ethics of the APA. The Code of Ethics requires that “psychologists accurately represent their competence, education, training and experience” and “represent accurately and objectively their professional qualifications.” Principle 2, Competence; Principle 4, Public Statements, Ethical Principles of Psychologists, Appendix V of the board’s regulations. Section 34-26-21 empowers the board to “adopt such rules and regulations as it may deem necessary for the performance of its duties.” In accord with this statutory authorization, the board enacted Rules 750-X-2-.03(2)(b) and -.04(2), which gave objective course work criteria for what kind of training was necessary before a psychologist could ethically hold himself out as being competent in a specialty area.
We find that the enabling legislation clearly gives the board the authority to make and apply regulations regarding specialty or competency determinations. We *1276 specifically find that, at the time of the hearing, the board had the authority to prohibit Givens from holding herself out in a manner inconsistent with her education and training.
Having determined that the board had the authority to question Givens’s use of the term “clinical psychologist,” the board would have this court determine that the application and utilization of that authority was proper. The trial court, however, simply found that the board lacked the authority to question her credentials and did not address the merits of the administrative appeal. Accordingly, we reverse and remand this issue for a further determination by the trial court.
We now address Givens’s appeal.
In granting the board’s motion for summary judgment as to the money damages and equitable relief, the trial court found the following:
“(a) The Defendants are immune from suit pursuant to § 10-11-1, et seq., Code of Alabama, 1975;
“(b) The Defendants are immune from suit pursuant to § 34-26-1, Code of Alabama, 1975;
“(c) The Defendants are' entitled to immunity for their discretionary acts pursuant to the holding of Barnes v. Dale, 537 [530] So.2d 770 (Ala.1988);
“(d) The Defendants are entitled to qualified immunity to the 42 U.S.C. § 1983 claims pursuant to Harlow v. Fitzgerald, 457 U.S. 880 [800], 102 S.Ct. 2727, 72 [73] L.Ed.2d 396 (1982); and
“(e) The Defendants are entitled to absolute quasi-judicial immunity to the [42] U.S.C. § 1983 claims for all acts performed in connection with the March 11, 1988, hearing, pursuant to Horwitz v. Board of Medical Examiners of State of Colorado, 822 F.2d 1508 (10th Cir.1987).”
Givens asserts that this finding is in error for two reasons. First, she asserts that the protection of the immunity doctrines does not extend to the board members in this instance because, she says, they were not acting within their statutory authority. She further asserts that summary judgment was not proper because, she argues, she presented substantial evidence of bad faith on the part of the board members. Givens concedes, however, in brief — and we agree — that if we determine that the board acted within its statutory authority and did so in good faith, then the board should be protected by the appropriate immunity doctrines.
We have determined that the board acted within its statutory authority. We, therefore, find any added discussion on that issue to be unnecessary.
Givens asserts that she proffered substantial evidence that the board acted in bad faith. She contends that “the Board members were motivated by the competition Dr. Givens presented as a clinical psychologist.” We have reviewed the record and find it devoid of any evidence concerning this “competition” allegation.
We find that the board acted within its statutory authority and did so in good faith. The trial court’s determination concerning the applicability of the immunity doctrines to the facts at hand is affirmed.
Accordingly, we reverse the trial court’s order concerning Givens’s administrative appeal and remand that issue to the trial court for a determination on the merits of the administrative appeal. The holding of the trial court that the board was immune is affirmed.
In view of our disposition of this case, we pretermit a discussion of the attorney’s fees issue.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART WITH INSTRUCTIONS.
ROBERTSON and RUSSELL, JJ., concur.