PER CURIAM.
We issued the writ of certiorari to review the judgment of the Court of Civil Appeals reversing the circuit court’s holding that the Alabama Board of Examiners in Psychology was without authority to prohibit the petitioner, Thelma S. Givens, from holding herself out as a clinical psychologist. 576 So.2d 1274. We reverse the judgment and instruct the Court of Civil Appeals to set aside its judgment and affirm the judgment of the trial court. For a full statement of the facts and the rationale and holding of the Court of Civil Appeals, see Givens v. King, 576 So.2d 1274 (Ala.Civ.App.1990).
Because in future cases the question of the Board’s authority relating to certification of professional psychologists will be tested under the legislature’s 1988 amendment (Act No. 88-216, Ala.Acts 1988) to the statute governing the practice of professional psychology (Ala.Code 1975, § 34-26-1 et seq.), a detailed treatment of the narrow issue here presented (i.e., the Board’s authority under the former statute) would serve no useful purpose. Suffice it to say that the petitioner’s 1984 license application, when it was approved by the Board, listed “clinical” and “school” psychology as the petitioner’s specialty areas.
Unable to specify any particular statutory provision on which it based its challenged order, the Board contends that its general licensure authority (§§ 34-26-22 and -46), coupled with the Board’s statutory mandate to adopt the Code of Ethics of the American Psychological Association (§ 34-26-3), implicitly authorized its action against the petitioner. We disagree. The Board’s authority with respect to certification was addressed for the first time by the 1988 amendment. Thus, the trial court’s judgment is due to be affirmed. Accordingly, we reverse the judgment of the Court of Civil Appeals and remand the *1278 cause for entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES, SHORES, HOUSTON and STEAGALL, JJ., concur.